# United States Court of Appeals
## For The District of Columbia Circuit

_____

| | |
|---|---|
| **No. 13-7016** | **September Term, 2012** |
| | 1:12-cv-01539-RLW |
| | **Filed On:** August 2, 2013 |

In the Matter of: Stephen Thomas Yelverton,

    Appellant

------------------------------

Stephen Thomas Yelverton,

    Appellant

  v.

Wendell W. Webster, Chapter 7 Trustee, et al.,

    Appellees

    **BEFORE:**    Henderson, Brown, and Srinivasan, Circuit Judges

## O R D E R

    Upon consideration of the court's order to show cause and the response thereto; the motions to remand, the oppositions thereto, and the replies; and the motions for leave to file supplements, it is

    **ORDERED** that the order to show cause be discharged. It is

    **FURTHER ORDERED**, on the court's own motion, that the appeal be dismissed for lack of jurisdiction. Appellant seeks immediate review of two interlocutory orders under the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541 (1949). But appellant has not demonstrated that those orders fit in the small class of collateral rulings that are not only conclusive, but also resolve important questions separate from the merits of the case and are effectively unreviewable on appeal from the final judgment. See Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 106-07 (2009). To the extent appellant seeks mandamus relief, the request is denied, because appellant has not shown a "clear and indisputable" right to mandamus relief. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). It is

# United States Court of Appeals
### For The District of Columbia Circuit

_____

**No. 13-7016**                                                  **September Term, 2012**

      **FURTHER ORDERED** that the motions to remand and for leave to file supplements be dismissed as moot.

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**